TAYLOR *vs.* FULLER and BALIS.

THIS was an action for false imprisonment, tried at the Oneida circuit in October, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The false imprisonment complained of was an arrest on a justice's execution issued by Fuller, a justice of the peace, on a judgment confessed before him by the defendant in favor of Balis for $5,49 on the 23d April, 1828. The execution was issued on the 7th May, 1828, on the application of Balis, he making oath before the justice that he would be in danger of losing his demand unless the execution issued before the expiration of 30 days after the rendition of the judgment. The defendant had not a family, and was not a freeholder. The execution, after reciting the judgment, commanded the constable forthwith to levy on the goods and chattels of the defendant, (except such goods and chattels as are by law exempted,) the amount of the judgment, with interest from the 23d April, 1828, and to bring the money before the justice at his office in Whitestown within 30 days, to render to the plaintiff for his damages and costs; and for want of goods and chattels whereon to levy, commanded the constable to take the body of the defendant and convey him to the keeper of the common jail of the county aforesaid, there to remain until discharged according to law. The plaintiff was arrested on the 13th May, 1828, and taken to the store of the plaintiff in the execution, where he paid the amount. The plaintiff insisted that the execution having been issued before the expiration of 30 days after the rendition of the judgment, had been issued illegally, inasmuch as it was not called for at the rendition of the judgment. The judge decided that the execution might issue at any time upon the proper oath being made. Several other questions were raised at the trial by the plaintiff which were decided against him, but are not noted here, as they were not insisted on in the argument of the case. The plaintiff excepted to the decisions of the judge,

A *justice's execution* may be against the goods *and* person of the party against whom it issues, *in the same process*, in cases where the party is subject to imprisonment.

The oath necessary to enable a party recovering to demand an execution within 30 or 90 days, as the case may be, must be made forthwith, while the parties are still before the justice; so that the party liable to execution may give the security contemplated by the act.

An oath is not necessary to justify the issuing of an execution, where the party liable to execution is neither a freeholder nor has a family.

Taylor
v.
Fuller.

and was nonsuited; to set aside which nonsuit a motion was now made.

*J. A. Spencer*, for plaintiff, insisted that an execution from a justice's court cannot issue against the *person* of a defendant, until an execution against his *goods and chattels* has been returned *nulla bona;* and that to entitle a party to an execution previous to the expiration of the time which must elapse ordinarily before it can issue, the oath authorizing a previous issuing of the execution must be made at the time of the rendition of the judgment. ·

*H. R. Storrs*, for defendants.

*By the Court,* SAVAGE, Ch. J.   The *fourteenth* section of the *fifty dollar act*, (Statutes, vol. 6, p. 286, c.) provides in the first place, that where judgment shall be rendered against either party, execution shall thereupon issue; it then prescribes, 1. the form of the execution, and 2. the time of issuing it.

1. As to the form, it shall be directed to a constable, commanding him to levy the amount of the goods and chattels of the person against whom it has issued, and to bring the money before the justice to render to the party in whose favor it was granted; and if sufficient goods and chattels shall not be found, such execution may be renewed, or further execution may be had, or an action of debt may be brought, and shall *further command* the constable to take the body, &c.  It is contended that no execution can legally issue, in the first instance, against the body.  This part of the section is not expressed with that clearness and precision which is desirable; but the construction which has universally been given to it is, that the execution shall direct the officer to levy on property, and if none can be found, then it *shall further command* the officer to take the body.  If the legislature had intended that the execution against the body should have been a distinct process, they would not have used the words *further command;* this implies a previous command. What is that previous command?  Clearly the command to take the property.  The obscurity arises from the provision for

further execution, or renewal or the action of debt, being introduced in this section between the first and second parts of the contents of the execution.

That this is a correct conclusion, will be manifest from a brief review of the laws regulatings proceedings before justices. By the tenth section of the ten pound act of 1787, (2 Jones & Varick's Revision, 159,) the execution commands the constable to levy on the goods and chattels, &c. "and for want of sufficient goods and chattels whereon to levy, to take the body of the person against whom such execution shall be granted," &c. Two years afterwards the law was altered, and it was enacted, (2 J. & V. 417,) that no person having a family, not being a freeholder, should be imprisoned by virtue of a justice's execution, and in such case, the execution should be directed against the goods and chattels alone; and if no goods or chattels should be found, or not sufficient, provision was made for a renewal of the execution, or further execution, or an action of debt ; but no execution against the body of such defendant was given.

In the revision by Kent & Radcliff, 1 vol 497, the revisors have incorporated the act of 1789, last referred to, into the 14th section, and immediately after directing that the execution shall be against the goods and chattels, the remedy by renewal, or further execution, or by action of bebt is given, and then the further direction follows, that if the party be a freeholder, or have no family, or the judgment be for a violation of the act regulating inns and taverns, " then every execution to be issued as aforesaid may further command, that if sufficient goods and chattels cannot be found to satisfy the debt or damages and costs as aforesaid, that the officer take the body of the person against whom such execution shall be granted," &c. It is not necessary to pursue the annual amendments or rather alterations which were made to this statute. In the next revision by Van Ness & Woodworth, in 1813, (1 R. L. 393,) we find nearly the same phraseology as in the act of 1824, under, which the execution in question was issued. It will be seen that the legislature always contemplated an execution against the goods *and* person in the same process were the party was liable to imprisonment ;

ALBANY,
October, 1829.

Tompkins
v.
Haile.

that when imprisonment was abolished in certain cases, the remedy by renewal, further execution and action of debt, were intended as a substitute ; when imprisonment was restored, the other remedies were retained, but without proper attention to perspicuity in the arrangement of the different members of the section. It may be further observed, that the constable is directed, for want of goods and chattels, &c. " according to the tenor of the said execution," to take the body, &c. It is clear, therefore, that the execution in this case was conformable to the statute.

2. The second point taken by the plaintiff's counsel may be conceded to be correct, that wherever an oath is *necessary* to enable the party covering to demand an execution within 30 or 90 days, as the case may be, such oath should be made forthwith upon the rendering of such judgment ; that is, while the parties are still before the justice, that the party liable to execution may give the security mentioned in the act. But that does not affect this case ; the plaintiff here was neither a freeholder, nor had he a family ; no oath was necessary, therefore, at any time to justify the issuing an execution. The other points raised upon the bill of exceptions being abandoned upon the argument, require no discussion.

Motion to set aside nonsuit denied.